Bell, J.
The facts in this case are not in dispute. And it is conceded that the sole question presented is the interpretation of subdivision a (3) of Section 1345-7, General Code (subdivision (A) (3) of Section 4141.31, Revised Code), which reads as follows:
“a. No benefits shall be paid for any week with respect to which an individual is receiving or has received remuneration in the form of
*528 a # # #
“ (3) Old age benefits under Title II of the Social Security Act as amended, or similar payments under any act of Congress; provided, that if such remuneration is less than the benefits which would otherwise be due under this act, he shall be entitled to receive for such week, if otherwise eligible, benefits reduced by the amount of such remuneration * *
Is the retirement income received by the claimant remuneration “in the form of * * * old age benefits * * * or similar payments under any act of Congress”?
The majority of the Court of Appeals based its finding, that the payments under the Civil Service Eetirement Act are not similar to those under the Social Security Act, on a difference in the nature or character of the payments, viz., that the latter are a benevolence or gratuity whereas the former are contractual in the form of an annuity.
With this finding we are in substantial agreement. There are, of course, some apparent similarities between civil service retirement payments and social security or old age benefits. Both are payable by virtue of an act of Congress. Age and prior earnings are factors in determining entitlement to and the amount of both types of payment. And the purpose of each was no doubt to provide financial assistance for those who no longer are able to be gainfully employed. The dissimilarities, however, are many and pronounced.
In the matter of the claim of Arthur H. Labruyere, decided January 20, 1956, by the appeals tribunal of the Division of Employment Security, Jefferson City, Missouri, case No. F-3302-55, the appeals referee had under consideration a claim for unemployment compensation by a retired postmaster who was receiving a civil service retirement annuity. The Missouri statute construed therein is almost identical with that of Ohio. It reads in part:
“2. (1) A claimant shall be ineligible for # * * benefits for any week for which he is receiving or has received remuneration exceeding his weekly benefit amount in the form of:
U * * #
“(d) Old age benefits under Title II of the Social Security *529 Act, as amended, or similar payments under any act of Congress.”
As disclosed in the briefs herein, the referee graphically pointed up the dissimilarities as follows :
‘ ‘ Old age and survivors ’ insurance benefits are financed by a general tax on all employers and employees, with certain specified exceptions. The tax payments of an employee who does not qualify and who leaves no qualifying survivors may not be recovered. The amount of payment is fixed by law; there are no options. An employee’s benefits are reduced if his annual earnings exceed $1,200. Thus insurance is provided, not as an annuity payable during old age, but against the unemployment or reduced employment resulting from old age.
“Under the Civil Service Eetirement Act salary deductions to which an employee is deemed to have consented by having accepted civil service employment are paid into a retirement fund. Since 1920 salary deductions have increased from 2-V2 per cent to 6 per cent. No specified contribution is required of the federal government. Although Congress may and has from time to time made appropriations to the fund, it is apparently hoped that the fund will be self-sustaining.
“Several options are permitted under the Civil Service Eetirement Act. An employee may increase the amount of his annuity by making additional voluntary payments into the fund. An employee, by accepting a reduced annuity, may retire at an earlier age, or may obtain an annuity for his widow or survivors. Under certain circumstances an employee’s contribution may be recovered together with interest by the employee, his heirs, or his legal representative. In these respects payments under the act resemble an annuity purchased by the annuitant with his own funds.
“Section 10 (E) (3) of the Missouri Unemployment Compensation Law, first enacted in 1937, contains substantially the same language as Section 288.040.2. (1) (d) quoted above. At that time the Civil Service Eetirement Act had been in effect for many years and its provisions were generally known. If the Legislature had intended to deny benefits to the recipients of civil service retirement annuities such annuities could have *530 been specifically described in the same manner in which old age benefits are described. Since civil service retirement annuities were not specifically mentioned it is reasonable to conclude that the provision was not intended to apply to such payments but only to old age and survivors ’ insurance benefits under the Social Security Act.”
The same result was reached under an almost identical Minnesota statute in the only other decision to which we have been referred. See 12 Compensation Benefit Series, No. 10, October 1949, United States Department of Labor, Bureau of Unemployment and Security.
The decisions of the referees in the Missouri and Minnesota cases are, of course, not binding on this court. The reasoning of those decisions, however, is persuasive, particularly in the clarity with which they point out the differences between payments under civil service retirement and those under social security.
If the civil service retirement payments are to be made a basis for exclusion from the benefits of unemployment compensation, the exclusion should be made by the General Assembly in the same manner as it excluded payments under the Social Security Act. Until such time as that exclusion is made specific we shall accord to the provisions of the Unemployment Compensation Act the liberal construction which it, by its terms, requires.

Judgment affirmed.

Matthias, Hart and Zimmerman, JJ., concur.
Weygandt, C. J., Stewart and Taft, JJ., dissent.